Mary Jo O'Neill, AZ Bar No. 005294
Sally C. Shanley, AZ Bar. No. 012251
Valerie L. Meyer, CA Bar No. 228586
**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** Phoenix District Office
3300 North Central Avenue, Suite 690
Phoenix, Arizona  85012-2504
Telephone:  (602) 640-5016
Fax:  (602) 640-5009
E-Mail:  mary.oneill@eeoc.gov
         sally.shanley@eeoc.gov
         valerie.meyer@eeoc.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>              Plaintiff,<br><br>    vs.<br><br>Robert Half International, Inc. d/b/a Office Team, an Arizona corporation; Otto Bock Healthcare, LP, an Arizona foreign limited partnership d/b/a OrthoRehab,<br><br>              Defendants. | Case No.<br><br>**COMPLAINT** |

NATURE OF ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, against Defendants Robert Half International, Inc. d/b/a Office Team, and Otto Bock Healthcare, LP d/b/a OrthoRehab, to correct unlawful employment practices on the bases of sex, pregnancy, and retaliation, and to provide appropriate relief to Heidi Fisher, who was adversely affected by such practices.  Ms. Fisher was employed by Defendant Robert Half International, Inc. ("Office Team"), an employment agency, as a temporary employee and assigned to work for Otto Bock Healthcare, LP ("Otto Bock").  The Equal Employment Opportunity Commission,

("EEOC" or "Commission"), alleges that Otto Bock failed to hire Ms. Fisher for two permanent positions because of her pregnancy and because she opposed unlawful employment practices, that Otto Bock terminated Ms. Fisher's temporary work assignment because she opposed unlawful employment practices, and that Office Team honored Otto Bock's retaliatory request to terminate her work assignment.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.  The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the District of Arizona.

## PARTIES

3.  Plaintiff, the EEOC, is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4.  At all relevant times, Defendant Robert Half International, Inc. d/b/a Office Team ("Office Team" or the "Employment Agency"), has procured employees for an employer and has been an employment agency within the meaning of Section 701(c) of Title VII, 42 U.S.C. § 2000e(c).

5.  At all relevant times, Defendant Otto Bock Healthcare LP d/b/a OrthoRehab ("Otto Bock" or the "Employer") has continuously been doing business in the State of Arizona and the City of Tempe, and has continuously had at least 15 employees.

6. At all relevant times, Defendant Employer Otto Bock has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Heidi Fisher filed a charge with the Commission alleging violations of Title VII by Defendants Otto Bock and Office Team. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least March 2006, Defendant Employer Otto Bock has engaged in unlawful employment practices in Tempe, Arizona, in violation of Section 703(a) and 704(a) of Title VII, 42 U.S.C. § 2000e-2(a) and 3(a). These unlawful employment practices include, but are not limited to:

   a. Because of her sex, female, and pregnancy, Otto Bock failed to hire Ms. Fisher for two permanent positions;
   b. Because of her opposition to unlawful employment practices, Otto Bock failed to hire Ms. Fisher for two permanent positions; and
   c. Because of her opposition to unlawful employment practices, Otto Bock terminated Ms. Fisher's work assignment at Otto Bock.

9. Since at least March 2006, Defendant Employment Agency Office Team has engaged in unlawful employment practices in Tempe, Arizona, in violation of Sections 703(b) and 704(a) of Title VII, 42 U.S.C. § 2000e-2(b) and 3(a). These unlawful employment practices include, but are not limited to, honoring the Defendant Employer Otto Bock's retaliatory request to terminate Ms. Fisher's work assignment at Otto Bock.

10. The effect of the practices complained of above has been to deprive Heidi Fisher of equal employment opportunities and otherwise adversely affect her status as an employee and applicant for employment because of her sex, pregnancy, and opposition to unlawful employment practices.

11. The unlawful employment practices complained of in paragraphs 7-10 above were intentional.

12. The unlawful employment practices complained of in paragraphs 7-10 above were done with malice or with reckless indifference to the federally protected rights of Heidi Fisher.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining the Defendant Employer Otto Bock and its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the bases of sex, pregnancy, or opposition to unlawful employment practices.

B. Grant a permanent injunction enjoining the Defendant Employment Agency Office Team and its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the bases of sex, pregnancy, or opposition to unlawful employment practices.

C. Order the Defendant Employer Otto Bock to institute and carry out policies, practices and programs which provide equal employment opportunities for female and pregnant applicants and employees, and which eradicate the effects of its past and present unlawful employment practices.

D. Order the Defendant Employment Agency Office Team to institute and carry out policies, practices and programs which provide equal employment opportunities for female and pregnant applicants and employees, and which eradicate the effects of its past and present unlawful employment practices.

E. Order the Defendant Employer Otto Bock to make whole Heidi Fisher by providing appropriate back pay with prejudgment interest in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful place reinstatement or front pay.

4

F.     Order the Defendant Employment Agency Office Team to make whole Heidi Fisher by providing appropriate back pay with prejudgment interest in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful place reinstatement or front pay.

G.     Order the Defendant Employer Otto Bock to make whole Heidi Fisher by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7-12 above, including but not limited to costs incurred for obtaining subsequent employment and relocation expenses, in amounts to be determined at trial.

H.     Order the Defendant Employment Agency Office Team to make whole Heidi Fisher by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7-12 above, including but not limited to costs incurred for obtaining subsequent employment and relocation expenses, in amounts to be determined at trial.

I.     Order the Defendant Employer Otto Bock to make whole Heidi Fisher, by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described in paragraphs 7-12 above, including but not limited to, pain and suffering, mental anguish, humiliation, embarrassment, emotional distress, anxiety, inconvenience, and loss of enjoyment of life, in amounts to be determined at trial.

J.     Order the Defendant Employment Agency Office Team to make whole Heidi Fisher, by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described in paragraphs 7-12 above, including but not limited to, pain and suffering, mental anguish, humiliation, embarrassment, emotional distress, anxiety, inconvenience, and loss of enjoyment of life, in amounts to be determined at trial.

K.  Order the Defendant Employer Otto Bock to pay Heidi Fisher punitive damages for its malicious conduct or reckless indifference described and referenced in paragraphs 7-12 above, in amounts to be determined at trial.

L.  Order the Defendant Employment Agency Office Team to pay Heidi Fisher punitive damages for its malicious conduct or reckless indifference described and referenced in paragraphs 7-12 above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

RESPECTFULLY SUBMITTED this 4th day of February, 2008.

Ronald Cooper
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

EQUAL EMPLOYMENT
OPPORTUNITYCOMMISSION
1801 L Street, NW
Washington, D.C.  20507

s/ Mary Jo O'Neill
Mary Jo O'Neill
Regional Attorney

s/ Sally C. Shanley
Sally C. Shanley
Supervisory Trial Attorney

s/ Valerie L. Meyer
Valerie L. Meyer

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Trial Attorney

Equal Employment Opportunity Commission
3300 N. Central Ave., Suite 690
Phoenix, AZ  85012

Attorney for Plaintiff