UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>Robert Half International, Inc. d/b/a Office Team, an Arizona corporation; Otto Bock Healthcare, L.P., an Arizona foreign limited partnership d/b/a OrthoRehab,<br><br>Defendants. | Case No. 08-cv-0221-PHX-GMS<br><br>**CONSENT DECREE AS TO DEFENDANT OTTO BOCK HEALTHCARE, L.P.** |

The United States Equal Employment Opportunity Commission (the "Commission") filed this action against Robert Half International, Inc. d/b/a Office Team, ("RHI") and Otto Bock Healthcare, L.P., d/b/a Ortho Rehab ("Otto Bock" or "OrthoRehab"), to enforce Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* (Title VII) and the Civil Rights Act of 1991, 42 U.S.C. §1981a and allege discrimination based on sex and

pregnancy. Ms. Fisher was employed by Defendant RHI, an employment agency, as a temporary employee and assigned to work for Defendant Otto Bock.

In its Complaint, the EEOC alleged that: (1) Otto Bock failed to hire Ms. Fisher for two open permanent positions because of her pregnancy and in retaliation for her opposition to unlawful employment practices and (2) Otto Bock terminated Ms. Fisher's temporary work assignment because she opposed unlawful employment practices. The EEOC also alleged in its complaint that RHI honored Otto Bock's retaliatory request to terminate Ms. Fisher's temporary work assignment. Otto Bock has denied and continues to deny these allegations and that it discriminated or retaliated against Ms. Fisher or any other person in any manner at any time.

The Parties[1] do not object to the jurisdiction of the Court over this action and waive their rights to a hearing and the entry of findings of fact and conclusions of law. The Parties agree that this Consent Decree is fair, reasonable, and equitable and does not violate the law or public policy.

This Consent Decree fully and finally resolves any and all claims arising out of the Complaint filed by the Commission. This Decree and compliance with this Decree shall not be construed as an admission by Otto Bock of any liability whatsoever. The parties waive their right to a jury trial and the entry of Findings of Fact and Conclusions of Law.

It is ORDERED, ADJUDGED AND DECREED:

1. This Decree resolves all claims arising out of the issues between the Commission and Defendant Otto Bock Healthcare, L.P. ("Otto Bock") in this lawsuit, including, without limitation, back pay, compensatory and punitive damages, injunctive relief, costs and attorney's fees.

2. This Decree conforms with the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights and privileges of any person. The entry of this Consent

---

[1] As used herein, "the Parties" refers to Plaintiff EEOC and Defendant Otto Bock. Defendant RHI is not a party to this consent decree.

Decree will further the objectives of Title VII and will be in the best interests of the Commission, Heidi Fisher, Otto Bock, and the public.

3. This Decree, and any provision herein regarding Otto Bock, applies to Otto Bock and to its officers, agents, employees, successors, and assigns.

## INJUNCTION

4. Defendant Otto Bock and its officers, agents, employees, successors, and assigns both at the time that this Decree becomes effective and for the duration of this Decree, are enjoined from: (a) discriminating against any employee on the bases of sex and/or pregnancy, including making a discriminatory request to terminate a temporary employee's work assignment; (b) retaliating against any employee or temporary employee because he or she: (i) opposes or opposed discriminatory practices made unlawful by Title VII; (ii) files or filed a charge of discrimination or assists, assisted, participates, or participated in the filing of a charge of discrimination; or (iii) assists, assisted, participates or participated in an investigation or proceeding brought under the Federal or State laws prohibiting discrimination or retaliation.

## MONETARY RELIEF

5. Otto Bock shall pay the amount of Sixty Thousand Dollars ($60,000.00). This payment represents settlement of compensatory damages of $36,000.00 and back pay of $24,000.00. The payment shall be made directly to Heidi Fisher within ten (10) calendar days of the entry of this Consent Decree. By January 31, 2010, Defendant Otto Bock shall issue United States Internal Revenue Service Forms 1099 and W-2 to Ms. Fisher.

6. Within 5 business days of the date the check or money order is placed in the mail pursuant to this Consent Decree, a copy of the check will be furnished to the Regional Attorney, Equal Employment Opportunity Commission, Phoenix District Office, 3300 North Central Avenue, Suite 690, Phoenix, Arizona 85012.

7. Defendant Otto Bock will not condition the receipt of monetary relief on Ms. Fisher's agreement to: (a) maintain as confidential the terms of this Decree; (b) waive her

statutory right to file a charge with any federal or state anti-discrimination agency; or (c) bar her from future employment with Otto Bock.

## OTHER RELIEF

8. Defendant Otto Bock will institute and carry out policies and procedures that help assure a work environment free from sex discrimination (including pregnancy discrimination) for its employees and temporary employees, and that allow employees and temporary employees to raise concerns or complaints without retaliation about matters made unlawful by Title VII.

9. Defendant Otto Bock will post the Notice contained in the attached Attachment A. The Notice will be posted in an appropriate place frequented by its employees, for the duration of this Decree. The Notice shall be the same type, size, and style as Attachment A.

10. To assist Defendant Otto Bock in maintaining compliance in the area of anti-discrimination and equal employment opportunity, within 30 (thirty) days of the entry of the Decree, Defendant Otto Bock will select, subject to approval of the EEOC, an appropriate and qualified employee or appropriate and qualified third-party administrator to be responsible for the duties described in Paragraph 11. The EEOC shall notify Defendant Otto Bock within fourteen (14) days whether or not it approves of Defendant Otto Bock's choice. If Defendant Otto Bock selects one of its employees rather than a third-party administrator, the EEOC may condition its approval of the selectee upon the selectee's completion of additional training on pregnancy discrimination and the provisions of Title VII. In the event that the EEOC and Defendant Otto Bock are unable to agree on the selection of an employee or third-party administrator, they may each submit the names and curriculum vitae of not more than two proposed employees or third-party administrators, and the Court will make the selection.

11. The employee or third-party administrator selected pursuant to Paragraph 10 shall be responsible for: (a) creating and implementing, and/or reviewing and revising as necessary, Defendant Otto Bock's anti-discrimination policies; (b) creating and implementing, and/or reviewing and revising as necessary. Defendant Otto Bock's

procedures with respect to responding to and keeping records regarding complaints received; (c) receiving and investigating complaints of discrimination; (d) evaluating and, if appropriate, referring employees to Defendant Otto Bock for discipline or termination for violation of Defendant Otto Bock's anti-discrimination policies; and (e) preparing reports to the Commission, as required by this Decree.

12. Defendant Otto Bock will provide training on sex discrimination, including discrimination on the basis of pregnancy, and retaliation, according to the following terms:\

    (a) Defendant Otto Bock will arrange for and be financially responsible for a consultant/lecturer(s) who will provide consultation and a training session for all of its employees at its OrthoRehab facilities in Arizona. The training session(s) shall be provided jointly by the consultant/lecturer(s), if applicable.

    (b) The seminar training session shall be at least ninety (90) minutes in length, including fifteen (15) minutes for questions and answers. All of Defendant Otto Bock's management, employees and temporary employees located in Otto Bock's OrthoRehab facilities in Arizona shall attend the seminar session. All of Defendant Otto Bock's employees and temporary employees assigned to work at Otto Bock's OrthoRehab facilities shall attend the seminar session.

    (c) Defendant Otto Bock may at its election have duplicative sessions to accommodate staffing needs or video-record the training session. Defendant Otto Bock shall be responsible for any additional costs to provide such duplicative or videotaped sessions.

    (d) Defendant Otto Bock shall keep a written record of all employees who attend the training.

    (e) The seminar-training session shall be held within six months of the entry of the consent decree.

    (f) All personnel, designated in Paragraphs 12(a) and (b) above, shall both register for and attend the seminar-training session or view a video recording of the

session. The registry of attendance shall be retained by Defendant Otto Bock for the duration of the Decree.

  (g) The training will include the subject of what constitutes pregnancy discrimination, as well as retaliation for engaging in protected activity under Title VII. The training will also cover discrimination in the hiring, firing, compensation, assignment or other terms, conditions or privileges of employment; the prevention of discrimination; how to provide a work environment free from discrimination, harassment and retaliation; and to whom and by what means employees may complain if they feel they have been subjected to discrimination, harassment or retaliation in the workplace by Defendant Otto Bock or any other entity. The session shall also review and explain Defendant Otto Bock's anti-discrimination policies.

13. During the live training session(s), the consultant/lecturers will speak to the employees about the discipline that can be taken against supervisors, managers, employees, and temporary employees who commit acts of discrimination, harassment or retaliation or allow discrimination, harassment or retaliation to occur in the workplace; the importance of maintaining an environment free of discrimination; and Defendant Otto Bock's anti-discrimination policies. The Commission, at its discretion, may designate representatives to attend the seminar training sessions. The representatives shall have the right to participate in the sessions.

14. In addition to the training session described in Paragraphs 12 and 13, all employees responsible for acting as a liaison to entities providing temporary workers, including employees responsible for making and terminating temporary assignments, shall attend a separate course, seminar or training session on avoiding sex discrimination or retaliation in the process of hiring and retaining temporary employees.

  (a) Defendant Otto Bock will arrange for and be financially responsible for the course, seminar, or training session.

  (b) The course, seminar, or training session selected shall be subject to approval by the Commission, which shall not be unreasonably withheld. The

-6-

Commission shall have ten (10) days from receipt of the course, seminar or training session to object to its contents after which Defendant Otto Bock will implement said course, seminar, or training session. Should the Parties revise the course, seminar, or training session at the Commission's request, Defendant Otto Bock will have 120 days from approval by the Commission to complete said course, seminar or training session.

(c) The training shall be at least one (1) hour in length, including fifteen (15) minutes for questions and answers.

(d) The training shall be completed within six (6) months of entry of this consent decree.

(e) The training shall focus on responding to complaints of discrimination by temporary employees. The training also shall cover Defendant Otto Bock's obligations under Title VII with respect to employees placed on temporary assignment.

15. Within sixty (60) days of the entry of this Decree, Defendant Otto Bock will create and implement, if such policies do not already exist, written policies concerning discrimination and retaliation that conform with the law. Within ninety (90) days of the entry of this Decree, Defendant Otto Bock will create and implement the training materials and sessions in Paragraph 14 above. Defendant Otto Bock's written policies must include, at a minimum:

(a) A clear commitment to a workplace free of sex discrimination, including discrimination on the basis of pregnancy;

(b) A statement informing persons who believe they have been discriminated against should notify the appropriate personnel;

(c) A description of the consequences, up to and including termination, that will be imposed upon violators of the policy;

(d) A statement of Defendant Otto Bock's intent to handle complaints of sex discrimination, including pregnancy discrimination, as confidentially as appropriate under the circumstances;

(e) An assurance of non-retaliation for persons who believe they have been discriminated against and for witnesses of discrimination;

(f) That discrimination on the basis of sex, including pregnancy, by anyone, including management officials, supervisors, vendors, suppliers, third parties, customers, and entities providing temporary employees, is prohibited and will not be tolerated;

(g) The identification of specific alternative individuals, including managers with their telephone numbers, to whom employees and temporary employees who have been subjected to sex discrimination, including pregnancy discrimination, can report the discrimination and who have the authority to investigate allegations of discrimination in a neutral and confidential matter;

(h) A written statement that an employee or temporary employee may report the harassment to persons outside of his or her chain of management should the complainant believe managers in the chain of command may have a conflict of interest or are implicated in the allegations, or may not adequately investigate the complaint; and

(i) Assurances that Defendant Otto Bock will investigate allegations of sex discrimination, including pregnancy discrimination, promptly, fairly, reasonably and effectively by appropriate investigators and that appropriate corrective action will be taken by Defendant Otto Bock.

16. These policies shall be posted in a location frequented by employees and temporary employees at Defendant Otto Bock's Arizona facilities. These policies shall be distributed to Defendant Otto Bock's employees and temporary employees to each current employee or temporary employee within ninety (90) days of the entry of the Decree. These policies shall be distributed to all new employees when hired and to all new temporary

employees at the start of their work assignments. Defendant Otto Bock shall make these written policies available in alternative formats as necessary for persons with cognitive and print disabilities that may prevent them from reading the policies.

17. Defendant Otto Bock shall promptly and appropriately investigate all complaints of sex discrimination, including complaints of discrimination on the basis of pregnancy. Defendant Otto Bock shall take immediate appropriate corrective action to make discrimination victims whole, to discipline violators and to eradicate the discrimination.

18. Defendant Otto Bock shall not retain documents related to the investigation in any of the complainant's personnel files. All disciplinary actions taken against employees for violation of Defendant Otto Bock's policy will be retained in the violator's personnel or client file.

**REPORTING BY DEFENDANT OTTO BOCK AND ACCESS BY EEOC**

19. Defendant Otto Bock, or its representative, shall report in writing to the Regional Attorney of the Commission's Phoenix District Office at 3300 N. Central Ave., Suite 690, Phoenix, Arizona 85012, beginning six months from the date of the entry of this Decree, and thereafter every six months for the duration of the Decree, regarding its compliance with the specific terms of the Decree, including the following:

   (a) Copies of any revisions to Otto Bock's policies and procedures regarding sex discrimination and retaliation;

   (b) The registry of persons attending the sessions required in Paragraphs 12 through 14 of this Decree and a list of current personnel employed by or temporarily contracted by Defendant Otto Bock on the days of the seminar-training sessions.

   (c) Confirmation that (1) the Notice was posted, with a description of the location where it was posted; and (2) the training was held.

**CERTIFICATION OF COMPLIANCE**

20. The duration of this Decree shall be twenty-four months from the date of its entry.

21. The parties shall bear their own attorneys' fees and costs incurred in this action up to the date of entry of this Decree.

22. This Court shall retain jurisdiction of this action for a period of twenty-four (24) months after entry of the Decree. This Decree shall expire by its own terms at the end of twenty-four (24) months after entry of the Decree, without further action by the parties or the Court.

23. The Commission may petition this Court for compliance with this Decree at any time during which this Court maintains jurisdiction over this action. If the Commission determines that the Defendant Otto Bock has not complied with the Consent Decree, the Commission will provide written notification of the alleged breach to the Defendant Otto Bock and will not petition the Court for enforcement sooner than thirty (30) days after providing written notification. If the Commission petitions the Court and the Court finds the Defendant Otto Bock to be in violation of the terms of the Decree, the Court may extend this Consent Decree or order other appropriate relief as may be necessary to remedy Defendant Otto Bock's non-compliance.

Dated this 31st day of March, 2009.

_____
G. Murray Snow
United States District Judge

# ATTACHMENT A

## NOTICE TO ALL EMPLOYEES OF
## OTTO BOCK HEALTHCARE, L.P.

This notice is posted pursuant to a consent decree entered into between Otto Bock Healthcare, L.P. and the Equal Employment Opportunity Commission (EEOC).

It is unlawful under federal law (Title VII of the Civil Rights Act of 1964) and state law to discriminate against an employee on the basis of pregnancy. It is also unlawful to retaliate against any person because the person protested discriminatory practices or contacted the EEOC.

Otto Bock Healthcare L.P. will not discriminate against any employee or temporary employee on the basis of pregnancy and will not retaliate against any employee or temporary employee.

If you believe you have been discriminated against, you have the right to seek assistance from:

(1) **EEOC**, 3300 North Central Avenue, Suite 690, Phoenix, Arizona 85012, (602) 640-5000; or

(2) **Arizona Civil Rights Division ("ACRD") of the Attorney General's Office,** 1275 W. Washington, Phoenix, Arizona, 85007, Telephone: (602) 542-5263 or TDD: (602) 542-5002 or Toll Free: (877) 491-5742 or Toll Free TDD: (877) 624-8090

and/or have the right to file a charge with the EEOC or ACRD if you believe you are being discriminated against.

No action may be taken against you by any supervisory or management official of Otto Bock Healthcare, L.P. for (1) opposing discriminatory practices made unlawful by federal law, (2) filing a charge or assisting or participating in the filing of a charge of discrimination, or (3) assisting or participating in an investigation or proceeding brought under state or federal law anti-discrimination laws. Should any such retaliatory actions be taken against you, you should immediately contact the EEOC or the ACRD at the address or telephone numbers listed above.

Dated: _____

President
Otto Bock Healthcare, L.P.